UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In Re:

ROSS R. CALIGURI,                                               Case No. 809-75657-ast
                                                                (Chapter 7)
        Debtor                                              **NOTICE OF HEARING**

-------------------------------------------------------x
S I R S:

       PLEASE BE ADVISED that the hearing to consider the motion by the Debtor Ross R. Caliguri to void the junior mortgage lien against the real property known as 377 Chase Drive, Bridgehampton, New York possessed by Pentagon Federal Credit Union has been scheduled to be held on January 12, 2010 at 9:30 a.m. before the Honorable Alan S. Trust in Courtroom 960 at the United States Bankruptcy Court for the Eastern District of New York, Long Island Federal Courthouse, Central Islip, New York 11722.

       PLEASE BE FURTHER ADVISED, that any and all opposition papers to the relief sought must be: (a) filed by ECF with the Clerk of the Court and (b) received by the undersigned counsel at the address set forth below, at least three (3) business days prior to the scheduled hearing date set forth above.

       PLEASE BE FURTHER ADVISED that if you file an objection to the motion to void the junior mortgage lien, you must appear at the hearing in the courtroom on January 12, 2010 at 9:30 a.m. to support your objection or the Court may void the junior

mortgage lien notwithstanding your written objection.

Dated: Smithtown, New York
December 11, 2009

                              ZINKER & HERZBERG, LLP
                              Attorneys for Ross R. Caliguri

                              By: __/s/ Jeffrey Herzberg_____
                                    Jeffrey Herzberg
                              278 East Main Street, Suite C
                              PO Box 866
                              Smithtown, New York  11787
                              (631) 265-2133

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
In Re:

                                     Case No. 09-75657-ast

ROSS R. CALIGURI,                    (Chapter 7)

            Debtor
--------------------------------------------------------x

## MOTION TO VACATE AND EXPUNGE THE SECOND MORTGAGE LIEN OF PENTAGON FEDERAL CREDIT UNION

To the Honorable Alan S. Trust,
United States Bankruptcy Judge:

       Ross R. Caliguri (the "Debtor" or "Caliguri"), by and through his attorneys, Zinker & Herzberg, LLP, files this motion to vacate and expunge the second mortgage lien of Pentagon Federal Credit Union ("Pentagon"), and states as follows:

       1.     The Debtor filed a voluntary petition for relief under and pursuant to Chapter 7 of Title 11, United States Code (the "Bankruptcy Code") on July 31, 2009. The Debtor was issued his discharge in bankruptcy dated November 10, 2009.

       2.     The Trustee filed his "no asset report" dated December 10, 2009. However, this bankruptcy case remains open as Speonk Lumber Corp. commenced an adversary proceeding seeking a determination that the Debtor's debt to Speonk Lumber Corp. is non-dischargeable, Adversary Proceeding No. 09-8528-ast.

       3.     The Debtor resides at 377 Chase Drive, Bridgehampton, New York 11932 (the "Property"). The Property is acting as security for two (2) different mortgage debts.

       4.     JPMorgan Chase Bank, National Association successor by merger to Washington Mutual Bank fka Washington Mutual Bank FA ("Chase"), the first mortgagee, filed a motion for relief from the automatic stay by its attorneys, Steven J.

Baum, P.C. dated October 15, 2009. Paragraph No. 3 of the Chase motion for relief from the automatic stay stated in pertinent part:

> "Secured Creditor is the holder of a Consolidation, Extension and Modification Agreement ('CEMA') dated the 31st day of October, 2007 in the amount of $1,000,000.00 secured by the premises commonly known as 377 Chase Drive, Bridgehampton, NY 11932 (the 'Mortgaged Premises')."

The first sentence of Paragraph No. 6 of the Chase motion for relief from the automatic stay further stated: "That as of the 18th day of September, 2009, there was a total indebtedness owed on the Note and Mortgage in the sum of $1,088,026.36." And finally, Paragraph No. 7 of the Chase motion for relief from the automatic stay stated in pertinent part: "Based on the Appraisal attached hereto as **Exhibit 'D',** said real property is valued at $1,000,000.00." The appraisal was performed by Mr. Ronald Black for Chase and was dated July 31, 2009. A copy of the affirmation in support of the Chase motion for relief from the automatic stay, with the appraisal, is annexed hereto as Exhibit "A" and is incorporated herein by reference.

     5.     Chase was granted relief from the automatic stay by this Honorable Court to exercise any and all of its remedies against the Property by order dated November 30, 2009. A copy of the November 30, 2009 order is annexed hereto as Exhibit "B" and is incorporated herein by reference.

     6.     Pentagon, the holder of the junior mortgage against the Property, filed a motion for relief from the automatic stay to permit and authorize Pentagon to commence a mortgage foreclosure action against the Property. By order of the Court dated October 13, 2009, Pentagon was granted relief from the automatic stay to exercise its remedies against the Property. A copy of the October 13, 2009 order is annexed hereto as Exhibit "C" and is incorporated herein by reference.

7. As demonstrated above, there is no equity in the Property above the amount of the Chase first mortgage lien. Specifically, Chase was owed $1,088,026.36 as of September 18, 2009 and the Property was worth only $1,000,000.00.

8. Section 506 of the Bankruptcy Code provides in pertinent part:

> "(a)(1) An allowed claim of a creditor secured by a lien on property in which the estate has an interest, … is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, … and is an unsecured claim to the extent that the value of such creditor's interest … less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest;
>
> (d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void, unless --
> (1) such claim was disallowed only under section 502(b)(5) or 502(e) of this title; or
> (2) such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501 of this title."

The Honorable Dorothy T. Eisenberg in In re Lavelle, 2009 Bankr. LEXIS 3795 (Bkrtcy. E.D.N.Y. 2009) recently had an opportunity to discuss the application of Sections 506(a)(1) and (d) of the Bankruptcy Code in a Chapter 7 setting when there was no equity available for the junior mortgage lien to attach. Judge Eisenberg held that a Chapter 7 debtor can strip down a subordinate mortgage lien if there is no equity for the lien to attach. Specifically, Judge Eisenberg stated at *15-*17:

> "The present case is easily distinguishable from *Dewsnup* (Dewsnup v. Timm, 502 U.S. 410, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992)), therefore the wholly unsecured lien cannot qualify as an 'allowed secured claim' under §506(d). First, the Bank of America second mortgage cannot be considered a secured claim under §506(a), because the junior claim is wholly unsecured. Accordingly, the plain meaning of §506(d) requires the lien to be voided. Second, the Supreme Court itself limited *Dewsnup* to its specific facts, and in light of the persuasive argument of Justice Scalia in the dissent regarding the requirement to interpret a seemingly unambiguous statute according to its plain textual meaning, *Dewsnup,* there is no reason for this Court to read §506 and §506(d) in any way other than

their plain textual meaning.  The plain meaning is applied to Chapter 13 section 1322(b)(2) analysis where the lien is wholly unsecured, and there is no logical reason to read the text differently when applied to Chapter 7 wholly unsecured liens.

Arguments that debtors will benefit from possible windfalls, are not persuasive.  Markets are uncertain, and it is not certain such a scenario will ever occur.  Secondly, the creditors' right to foreclose will not result in any present monetary gain for the creditor since there is no value in the property for them.  Bankruptcy is not intended to benefit either the creditor in securing a potential increase in property value, or the debtor.  However, where the future is unknown, bankruptcy principles of giving the debtor a fresh start should apply.  While these issues of debtors' and creditors' rights are the subject of long standing philosophical debate, in light of the unambiguous, clear language of §§506(a) and (d), §506(d) requires this Court to void the lien as a matter of law regardless of any possible further potential debtor benefits."

9. Accordingly, as there is no equity in the Pentagon junior mortgage lien against the Property, Caliguri requests that the Pentagon mortgage lien against the Property be expunged and vacated.

10. No prior request for the relief sought herein has been filed with this or any other Court.

WHEREFORE, the Debtor respectfully requests this Honorable Court to issue an order voiding and expunging the junior mortgage lien against the Property possessed by Pentagon and for such other and further relief as is just and proper.

Dated;    Smithtown, New York
          December 11, 2009

                                           ZINKER & HERZBERG, LLP
                                           Attorneys for Ross R. Caliguri

                                           By: /s/ Jeffrey Herzberg
                                                 Jeffrey Herzberg
                                           278 East Main Street, Suite C
                                           PO Box 866
                                           Smithtown, New York 11787
                                           (631) 265-2133

**Affirmation of Service**

Jeffrey Herzberg, an attorney duly licensed to practice law in the courts of the State of New York, after being duly sworn on oath, and under the penalty of perjury, affirms that on December 11, 2009, he mailed a copy of the Notice of Hearing and the Motion to Void the Junior Mortgage Lien Possessed by Pentagon Federal Credit Union, by first class mail, postage prepaid, to:

    Pentagon Federal Credit Union
    13220 Fort Street
    Omaha, Nebraska 68164

    Michael L. Moskowitz, Esq.
    Weltman & Moskowitz, LLP
    Attorneys for Pentagon Federal Credit Union
    270 Madison Avenue, Suite 1400
    New York, New York 10016-0601

Dated:    Smithtown, New York
            December 11, 2009

                                      /s/ Jeffrey Herzberg
                                      Jeffrey Herzberg